IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
04 JUL 30 PM 8:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

PAULA WATKINS,            )
                          )
            Plaintiff,    )
                          )
vs.                       )        Civil Action Number
                          )        03-C-0218-E
TRI STAFFING, INC.,       )
                          )
            Defendant.    )

ENTERED
AUG 5 2004

## MEMORANDUM OPINION ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

In this action under the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Alabama state contract and tort law, Plaintiff Paula Watkins claimed that her employer, Defendant TRI Staffing, Inc.("TRI"), terminated her employment because of her sex, breached their employment contract, and invaded her privacy. TRI has moved for summary judgment against the Plaintiff.

Because of the undisputed relevant facts, TRI's Motion for Summary Judgment is due to be granted on Plaintiff's federal claim.

### I. The Undisputed Material Facts

Plaintiff was initially employed by TRI ibn 1990 as a Human Resources Manager., at an annual salary of $40,000. Plaintiff continued to work for TRI, intermittently, until her termination in 2000.

38

In 1998, Plaintiff signed an Employment Agreement with TRI which placed her in the position of Vice President of Human Relations and paid her an annual salary of $60,000. The contract provided that Plaintiff's employment could only be terminated for cause.[1]

In 2000, because of a downturn in the economy and the staffing industry, TRI began experiencing an economic downturn. In 2001, TRI lost $231,776.00 in revenues.. The following year, it lost $449,333.00. Between 2000-2003, it closed ten of its eighteen offices and laid off nearly half of its employees.

Plaintiff was laid off in the last quarter of 2001. At the time of her termination, her annual salary was $105,000. Plaintiff was not replaced. Her position was eliminated, and her job duties were assumed by the remaining employees.

## II. The Applicable Law

To establish a *prima facie* case of gender-disparate treatment, a plaintiff must show: 1) that she is a female, 2) that she was qualified for the position she held or seeks, 3) that she was denied the position, and 4) that a male was granted the position. *Armstrong v. Flowers Hosp. Inc.,* 33 F.3d 1308, 1314 (11th Cir.1994). If the plaintiff establishes her *prima facie* case, then the defendant must articulate a legitimate, non-discriminatory reason for it s decision. If the defendant articulates such reason, then the plaintiff must show that the articulated reason is either unworthy of belief or a pretext for gender

---

[1] "'For cause' includes, but is not limited to, the following: (1) a material breach by you of any provisions of the Agreement; (2) Insobriety while rendering services hereunder: (3) your performing any act of dishonesty in rendering services hereunder or falsification of records, expense accounts, reports, etc.; or (4) insubordination by you towards your superior." Employment Agreement, p. 3, ¶ 8.

discrimination.

### III. Analysis

The Court will assume that the Plaintiff can establish her *prima facie* case, although the evidence does not compel such assumption.

The Defendant has articulated as its reason for Plaintiff's termination that it experienced a downturn in its business operations.

The Plaintiff has not shown that the articulated reason is either incredulous or a pretext for discrimination. She has merely shown that her job duties were assumed by other employees. That showing is simply insufficient to rebut the articulated reason.

By separate order, summary judgment will be granted for TRI on Plaintiff's federal claim.[2]

Done this 30th day of July, 2004.

_____
Chief United States District Judge
U.W. Clemon

---

[2] Because the sole federal claim is being dismissed, the Court will not exercise its pendant jurisdiction over the Plaintiff's state law claims. Plaintiff is free to pursue those claims in state court.